United States District Court
Southern District of Texas
**ENTERED**
January 13, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SYLVESTER CLINTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| RUSHMORE LOAN MANAGEMENT | § | CIVIL ACTION NO. H-25-5421 |
| SERVICES, LLC; NATIONSTAR | § | |
| MORTGAGE, LLC d/b/a MR. COOPER; | § | |
| and PENNYMAC LOAN SERVICES, | § | |
| LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Sylvester Clinton ("Plaintiff") brought this action against Rushmore Loan Management Services, LLC; NationStar Mortgage, LLC d/b/a Mr. Cooper; and PennyMac Loan Services, LLC ("PennyMac") (collectively, "Defendants") in the 333rd District Court of Harris County, Texas, alleging that Defendants violated Texas Property Code § 51.002 and federal mortgage servicing regulations, breached their contracts, and breached their duty to exercise reasonable care. Plaintiff also requested a full and accurate accounting of the mortgage.[1] Pending before the court is PennyMac's Motion to Dismiss and Brief in Support ("PennyMac's Motion to Dismiss") (Docket Entry No. 9). For the reasons stated

---

[1]Plaintiff's Original Petition, Exhibit D to PennyMac's Notice of Removal, Docket Entry No. 1-4, pp. 3-4. For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

below PennyMac's Motion to Dismiss will be granted, and this case
will be dismissed with prejudice.

## I.  <u>Background</u>

On August 6, 2001, Plaintiff and his wife obtained a mortgage
loan from Kaufman and Broad Mortgage Company.[2] "After a series of
assignments, the Loan was eventually assigned to PennyMac Corp. on
March 13 and April 8, 2015."[3] On August 14, 2018, PennyMac assigned
the Loan to Citibank, N.A., as Trustee for CMLTI Asset Trust.[4]

On November 3, 2025, Plaintiff brought this action in the
333rd District Court of Harris County, Texas, alleging that
"Defendants failed to properly apply and record" his mortgage
payments and "failed to provide Plaintiff with the required
statutory and contractual notices regarding servicing changes,
payment applications, and potential default actions".[5] On the same
day, the state court signed an <u>ex parte</u> temporary restraining
order, halting any scheduled foreclosure sale.[6]

---

[2]Deed of Trust, Exhibit A to PennyMac's Motion to Dismiss,
Docket Entry No. 9-1, p. 2.

[3]PennyMac's Motion to Dismiss, Docket Entry No. 9, p. 2;
Corporate Assignment of Deed of Trust, Exhibit B to PennyMac's
Motion to Dismiss, Docket Entry No. 9-2, p. 2.

[4]Assignment of Deed of Trust, Exhibit E to PennyMac's Motion
to Dismiss, Docket Entry No. 9-5, p. 2.

[5]Plaintiff's Original Petition, Exhibit D to PennyMac's Notice
of Removal, Docket Entry No. 1-4, pp. 3-4.

[6]Temporary Restraining Order, Exhibit E to PennyMac's Notice
of Removal, Docket Entry No. 1-5, p. 2.

On November 13, 2025, PennyMac removed the action to this court based on federal question jurisdiction and supplemental jurisdiction.[7]  On December 19, 2025, PennyMac filed a 12(b)(6) Motion to Dismiss.[8]  Plaintiff has not filed a response.

## II.  <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 8(a), a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal,</u> 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly,</u> 127 S. Ct. 1955, 1974 (2007)).

"[W]hen 'matters outside the pleading' are presented with a motion to dismiss under Rule 12(b)(6), a district court has complete discretion to either accept or exclude the evidence."  <u>General Retail Services, Inc. v. Wireless Toyz Franchise, LLC,</u> 255 F. App'x 775, 783 (5th Cir. 2007) (quoting Fed. R. Civ. P. 12(d)).  "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  If the court converts the motion to one for

---

[7]PennyMac's Notice of Removal, Docket Entry No. 1, pp. 4–5.

[8]PennyMac's Motion to Dismiss, Docket Entry No. 9, pp. 1–2.

-3-

summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." <u>Id.</u>

Pursuant to Local Rules 7.3 and 7.4, because Plaintiff has not responded to Defendant's Motion to Dismiss within 21 days, the motion is treated as unopposed.[9]    But Plaintiff's failure to respond is not in itself grounds for granting the motion. <u>Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.</u>, 702 F.3d 794, 806 (5th Cir. 2012).    The court must assess the legal sufficiency of the complaint to determine whether dismissal is warranted.    <u>Id.</u>

### III.    <u>Analysis</u>

Plaintiff alleges that Defendants (1) failed to provide proper notice required by Texas and federal law, (2) breached their contracts by failing to properly apply payments, (3) breached their duty to exercise reasonable care in servicing his mortgage, and that (4) he is entitled to an accounting.[10]

"'Global allegations of wrongdoing' by 'Defendants,' collectively, 'are insufficient to state a claim for relief.'"

---

[9]<u>See</u> Local Rules of the United States District Court for the Southern District of Texas, Rule 7.3 ("Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel.") and Rule 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

[10]Plaintiff's Original Petition, Exhibit D to PennyMac's Notice of Removal, Docket Entry No. 1-4, pp. 3-4.

SCHST, Inc. v. Arthur J. Gallagher & Co., Case No. 4:21-cv-02935,
2022 WL 4022054, at *9 (S.D. Tex. Aug. 23, 2022) (quoting
Armendariz v. Bank of America, N.A., No. EP-15-CV-00020-DCG, 2015
WL 3504961, at *8 (W.D. Tex. May 21, 2015). The court may dismiss
an action when the plaintiff alleges "malfeasance by a global group
of unspecified 'defendants'—without alleging any particular acts by
the present Defendant." Chyba v. EMC Mortgage Corp., 450 F. App'x
404, 406 (5th Cir. 2011) (per curiam) (affirming the lower court's
decision to dismiss all of plaintiff's claims because the vague
allegations did not allege any particular acts by the present
defendant).

Therefore, because Plaintiff merely asserts global allegations
against the Defendants as a group and has not alleged any
particular acts by PennyMac, PennyMac's Motion to Dismiss should be
granted. However, even if Plaintiff's claims are not global
allegations, Plaintiff fails to allege facts that if proved true
would establish each alleged claim.

A.  **Plaintiff has not alleged facts which, if proved true would
    establish that PennyMac violated § 51.002 of the Texas
    Property Code.**

Plaintiff alleges that Defendants failed to provide proper
notice as required by Texas Property Code § 51.002.[11] Because
"[§ 51.002] does not provide plaintiffs with a private right of
action for damages," courts "have construed claims brought under

_____

[11]Id. at 3-4.

-5-

§ 51.002 as wrongful foreclosure claims." <u>Agustin v. U.S. Bank,</u>
<u>N.A.,</u> Civil Action No. 4:22-CV-00671, 2023 WL 6536154, at *3 (S.D.
Tex. Aug. 15, 2023).

"Under Texas law, a foreclosure sale is a precondition to a
valid wrongful foreclosure claim." <u>Id.</u>  Because Plaintiff has not
alleged that a foreclosure sale has occurred and because it is
undisputed that Plaintiff obtained a temporary restraining order in
the 333rd Judicial District of Harris County, Texas,[12] Plaintiff
does not have a valid claim under § 51.002 at this time.

**B.    Plaintiff has not alleged facts that, if proved true, would
    establish that PennyMac violated the federal mortgage
    servicing regulations.**

Plaintiff alleges that Defendants failed to provide proper
notice regarding servicing changes, payment applications, and
potential default actions as required by the federal mortgage
servicing regulations found at 12 C.F.R. § 1024.35 <u>et seq.</u>[13]

A claim asserted under 12 C.F.R. § 1024.35 is enforceable
under 12 U.S.C. § 2605. <u>Madrid v. Wells Fargo Bank, N.A.,</u> EP-14-
CV-00152-DCC, 2017 WL 5653906, at *8 (W.D. Tex. Mar. 17, 2017).
Because Plaintiff merely asserts that he did not receive proper
notice,[14] Plaintiff's claim can only be construed as a claim under

---

[12]Temporary Restraining Order, Exhibit E to PennyMac's Notice
of Removal, Docket Entry No. 1-5, p. 2.

[13]Plaintiff's Original Petition, Exhibit D to PennyMac's Notice
of Removal, Docket Entry No. 1-4, p. 3.

[14]<u>Id.</u> at 3-4.

-6-

12 U.S.C. § 2605(b)(1), which requires a servicer to notify a borrower in writing of any assignment of the servicing loan.[15]

To assert a claim under 12 U.S.C. § 2605(b)(1), "the borrower must allege either (1) that actual damages resulted from the RESPA violations or (2) that the defendant engaged in a 'pattern or practice of noncompliance' entitling the Plaintiff to up to $2,000 in statutory damages." Henry v. Carrington Mortgage Services, LLC, Civil Action No. H-18-4414, 2019 WL 2491950, at *5 (S.D. Tex. June 14, 2019) (quoting 12 U.S.C. 2605(f)(1)(A)-(B)).

Because Plaintiff does not allege any facts establishing that actual damages resulted from the RESPA violations or that the defendant engaged in a pattern or practice of noncompliance, Plaintiff has not alleged facts that would establish that PennyMac violated 12 U.S.C. § 2605(b)(1).

**C.    Plaintiff has not alleged facts that, if proved true, would establish that PennyMac breached its contract.**

Plaintiff alleges that Defendants breached their contracts by "failing to properly apply payments, maintain accurate records, and provide required notices."[16]

To assert a breach of contract claim under Texas law, a plaintiff must show:  "'(1) the existence of a valid contract;

---

[15]Violations of 12 U.S.C. § 2605(b)(2) and (3) involve defective notices that do not conform with the requirements under the Act.  Because Plaintiff does not state any facts about the content of the notice, his claim can only be enforced under 12 U.S.C. § 2605(b)(1).

[16]Plaintiff's Original Petition, Exhibit D to PennyMac's Notice of Removal, Docket Entry No. 1-4, p. 4.

(2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" Smith International, Inc. v. Egle Group, LLC, 490 F.3d 380, 387 (5th Cir. 2007) (quoting Valero Mktg. & Supply Co. v. Kalama International, L.L.C., 51 S.W.3d 345, 351 (Tex. App.–Houston [1st Dist.] 2001)). Additionally, a plaintiff must "plead the date of the contract, the parties to the contract, and the provisions of the contract allegedly breached." Sandhar v. Grewal, Civil Action No. H-08-2348, 2009 WL 175073, at *4 (S.D. Tex. Jan. 23, 2009).

Because Plaintiff merely asserts that Defendants breached their contracts by "failing to properly apply payments, maintain accurate records, and provide required notices,"[17] Plaintiff has not alleged facts that would establish that PennyMac breached its contract.

**D.  Plaintiff has not alleged facts that, if proved true, would establish negligent servicing.**

Plaintiff alleges that Defendants breached their duty to exercise reasonable care in servicing his mortgage "by failing to credit payments correctly, by mismanaging [his] account, and by issuing inaccurate statements."[18]

------------------------

[17]Id.

[18]Id.

-8-

Because "there is no cause of action in Texas for 'negligent servicing,' ordinary tort principles apply." <u>Nwankwo v. U.S Bank, N.A.,</u> Case No. 19-CV-869-L-BK, 2020 WL 10050710, at *4 (N.D. Tex. Feb. 3, 2020). "Under Texas law, the elements of negligence are the existence of a legal duty, breach of that duty, and damages proximately caused by the breach." <u>Id.</u> However, "Texas does not recognize a legal duty between parties to a contract absent some special relationship, which does not exist in the lender-borrower context." <u>Id.</u> Accordingly, this claim fails as a matter of law.

**E.    Plaintiff has not alleged facts that, if proved true, would establish he is entitled to an accounting.**

Plaintiff requests "a full and accurate accounting of all payments made and applied to the mortgage loan from its inception to the present."[19]

"'An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action.'" <u>Saenz v. JP Morgan Chase Bank, N.A.,</u> Civil Action No. 7:13-CV-156, 2013 WL 3280214, at *5 (S.D. Tex. June 27, 2013) (quoting <u>Michael v. Dyke,</u> 41 S.W.3d 746, 754 (Tex.App.- Corpus Christi 2001, no pet.) <u>abrogated on other grounds as recognized by Hoodye v. Wells Fargo Bank, N.A.,</u> Civ. No. 2:12-cv- 402, 2013 WL 672567, at *2 (S.D. Tex. Feb. 25, 2013)). As discussed above, Plaintiff has failed to state a claim upon which

---

[19]<u>Id.</u>

relief can be granted in his Petition. Therefore, Plaintiff can only assert an action for an account as a suit in equity.

"'An equitable accounting is proper when the facts and accounts presented are so complex that adequate relief may not be obtained at law.'" Id. (quoting Hutchings v. Chevron U.S.A., Inc., 862 S.W.2d 752, 762 (Tex.App.-El Paso 1993, writ denied)). Because Plaintiff does not allege facts that even suggest that the accounts presented are so complex that adequate relief may not be obtained at law, he has not alleged facts that would establish he is entitled to an accounting.

**F.   The court will not grant leave to amend.**

Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend is not automatic, but a district court needs a substantial reason to deny a party's request for leave to amend." North Cypress Medical Center Operating Co., Ltd. v. Aetna Life Insurance Co., 898 F.3d 461, 477 (5th Cir. 2018) (internal quotation marks omitted). "[A] movant [seeking to cure a defective pleading] must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects." D.L. Markham DDS, MSD, Inc. 401(K) Plan v. Variable Annuity Life Insurance Co., 88 F.4th 602, 613-14 (5th Cir. 2023).

Plaintiff has not responded to PennyMac's Motion to Dismiss and has not requested leave to amend. Plaintiff has not provided

notice of any amendments he could make to cure the pleading deficiencies explained in PennyMac's Motion to Dismiss. The court will therefore not grant leave to amend, and the court's dismissal of the Petition will be with prejudice.

## IV. Conclusion and Order

For the reasons explained above, PennyMac's Motion to Dismiss (Docket Entry No. 9) is **GRANTED**. This action will be dismissed with prejudice as to PennyMac. Defendants Rushmore Loan Management Services, LLC and NationStar Mortgage, LLC d/b/a Mr. Cooper were not parties when the case was removed from state court[20] and have not entered an appearance before the court. The claims against them will therefore be dismissed without prejudice.

**SIGNED** at Houston, Texas, on this 13th day of January, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[20]State Court Action Docket Transactions Sheet, Exhibit C to PennyMac's Notice of Removal, Docket Entry No. 1-3, p. 3.

-11-